# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CENDY L. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-07-371-SPS ) |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Cendy L. Martin requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work she can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on April 2, 1965, and was forty-two years old at the time of the most recent administrative hearing. She has a high school education and previous work experience as a cashier, waitress, pizza baker and maid. The claimant alleges she has been unable to work since October 1, 1999, because of back pain with pinched nerves, muscle spasms, knee swelling, hand numbness, incontinence, headaches, and memory problems. She maintained insured status through June 30, 2001.

**Procedural History**

On March 3, 2003, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 34. The application was denied. ALJ Larry Weber determined that the claimant was not disabled on June 18, 2004. The Appeals Council denied review of the decision, and the claimant appealed to this Court. A report and recommendation was issued recommending that the ALJ's decision be reversed and remanded in Case No. CIV-05-313-FHS; the Court agreed and entered an order and judgment remanding the case on November 1, 2006. ALJ Deborah Rose conducted a supplemental hearing and determined that the claimant was not disabled on August 31, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. She found the claimant retained the physical residual functional capacity ("RFC") to lift and/or carry twenty pounds occasionally and ten pounds frequently. She determined the claimant had no significant limitation in her ability to sit, stand, or walk (Tr. 316, 320). The ALJ concluded that the claimant was not disabled because she could perform her past relevant work as a cashier, maid and fast food worker (Tr. 320).

**Review**

The claimant contends that the ALJ erred by failing to conduct a proper step-four analysis with regard to her past relevant work. Specifically, the claimant alleges: (i) that the ALJ failed to make specific findings regarding the demands of her past relevant work; and, (ii) that the ALJ failed to present the vocational expert ("VE") with a hypothetical question that included the limitations for performing light work. The Court finds that neither of these contentions have merit.

At the administrative hearing, the ALJ asked the claimant questions about each job she performed during the relevant fifteen-year period, and the claimant described her prior work as a cashier, fast food worker, and maid (Tr. 442-43, 445, 454-55). The ALJ then asked the VE to identify and classify the claimant's past relevant work, and the VE responded by listing the claimant's jobs with their exertional level and skill level, *e. g.*, he found the claimant's job as a cashier was light work with a skill level of three; her job as a maid was light work with a skill level of two; and her work as a fast food worker was light work with

a skill level of two (Tr. 457-58). In the work history report, the claimant noted that she lifted trays, drinks, and pans of pizza weighing less than ten pounds at Pizza Hut; vacuumed, dusted, and made beds and lifted less than ten pounds as a maid; and used a cash register and lifted less than ten pounds as a cashier (Tr. 88-90). In her decision, the ALJ determined the claimant had an RFC for performing a full range of light work (Tr. 316). She concluded the claimant could perform her past relevant work as a cashier, maid and fast food worker as the jobs were generally performed in the economy and as the claimant actually performed them. The ALJ specifically noted the claimant's statement in the work history report that "she had to lift and/or carry no more than 10 pounds at a time" for any of the jobs and the VE's testimony that the claimant performed the jobs at the light exertional level (Tr. 320).

Step four of the sequential analysis requires the ALJ to evaluate the claimant's RFC, determine the physical and mental demands of the claimant's past relevant work, and conclude whether the claimant has the ability to meet the job demands of his past relevant work using the determined RFC. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) [citations omitted]. A vocational expert may supply information to the ALJ at step four regarding the demands of the claimant's past work, but "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Id*. at 1025.

There is no question that the ALJ satisfied the first phase of the *Winfrey* analysis; she determined the claimant's RFC, and the claimant does not appear to object to her finding in this regard. But the claimant contends that the ALJ failed to make proper findings at phases

two and three of the *Winfrey* analysis. With regard to phase two, the Court finds the ALJ's questioning of the claimant at the administrative hearing, the VE's testimony about the exertional and skill levels of the jobs, and the claimant's work history report were sufficient to establish the demands of the claimant's past work (Tr. 88-90, 442-43, 445, 454-55, 457-58). *See*, *e. g.*, *Westbrook v. Massanari*, 26 Fed. Appx. 897, 903 (10th Cir. 2002) (finding that remand under *Winfrey* is appropriate only when the record is "devoid of even any mention of the demands of past relevant work[.]") [citation omitted] [unpublished opinion]. Even assuming *arguendo* the demands of the claimant's past work were insufficiently developed, the ALJ determined the claimant could return to her past relevant work as a cashier, maid and fast food worker as she performed it *and as it was generally performed in the national economy*. This finding makes any further inquiry into the actual demands of the jobs unnecessary. *See*, *e.g.*, *Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1050 (10th Cir. 1993) (noting that the ALJ shall consider "the claimant's ability to perform either . . . '[t]he actual functional demands and job duties of a particular past relevant job; or . . . [t]he functional demands and job duties . . . as generally required by employers throughout the national economy.'"), *quoting* Soc. Sec. Rul. 82-61, 1982 WL 31387, at *1. *See also Wise v. Barnhart*, 42 Fed. Appx. 331, 333 (10th Cir. 2002) ("[T]he issue is not whether claimant can return to her actual past job, but to the type of work she performed in the past.") [unpublished opinion], *citing Andrade*, 985 F.2d at 1051.

Further, the ALJ clearly made her own phase-three finding that the claimant's RFC did not preclude her performance of past relevant work (Tr. 320). Although the ALJ partially

relied on the VE's testimony for determining the demands of the claimant's past work at phase two, *see Winfrey*, 92 F.3d at 1025 ("[T]he ALJ may rely on information supplied by the VE at step four[.]"), she made her own phase-three finding that the claimant had an RFC for light work and could return to her past work as a cashier, maid, and fast food worker. *Id.* ("[T]he ALJ . . . must make . . . [her] own evaluation of the claimant's ability to perform . . . past relevant work."). The claimant argues the ALJ erred by not posing a hypothetical question to the VE that contained the claimant's RFC for light work (the hypothetical questions presented to the VE were for sedentary work), but the ALJ was under no obligation to pose hypothetical questions to the VE once she determined the claimant could perform her past relevant work. *See, e. g.*, *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995) ("An ALJ has no obligation to question a vocational expert if the claimant can return to past relevant work."), *citing Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994) ("Due to the ALJ's determination that claimant could return to her former work activities, he was under no obligation to seek additional information from a vocational expert."). *See also Winfrey*, 92 F.3d at 1025 ("The VE's role in supplying vocational information at step four is much more limited than his role at step five, where he is called upon to give his expert opinion about the claimant's ability to perform work in the national economy."). Thus, the ALJ's analysis of the claimant's past relevant work satisfied the requirements set forth in *Winfrey*.

## Conclusion

As set forth above, the Court finds that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby AFFIRMED.

**IT IS SO ORDERED** this 9th day of July, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**